
RECEIVED
IN LAKE CHARLES, LA
NOV 30 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 2:14CR 00174-01 |
| VS. | JUDGE MINALDI |
| DOUGLAS DARRELL HARRIS | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is the defendant's Motion Requesting Credit for Time Served (Rec. Doc. 24). Douglas Harris ("Harris") asserts that the Bureau of Prisons is disregarding the court's judgment that he serve "forty one months with credit for time served."

Harris is effectively requesting that this court compute the amount of time he served in federal custody. 18 U.S.C. §3585, regarding calculating terms of imprisonment states:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 2001.) 18 U.S.C.A. § 3585 (West).

Once defendant has exhausted all administrative remedies, defendant may seek judicial review of Attorney General's computation of credit for presentence custodial detention. *U.S. v. Wilson*, C.A.6 (Tenn.) 1993, 997 F.2d 208. Until administrative remedies are exhausted, the federal judiciary is without jurisdiction to correct such complaints. Credit for time served "must be made by the Attorney General, through the Bureau of Prisons, after sentencing." *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir.1994) (citation omitted); *see also United States v. Brann*, 990 F.2d 98, 104 (3d Cir.1993) (explaining that "district courts do not have jurisdiction to grant credit for prior custody"); *United States v. Smith*, 141 F. App'x 767, 768 (10th Cir. 2005). Accordingly,

IT IS ORDERED that this motion IS DENIED. The defendant must seek the remedy sought from the Bureau of Prisons.

Lake Charles, Louisiana, this ___22___ day of ___Nov___, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT